## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

In re the Application of

Omnilife de Mexico S.A. de C.V., Applicant

PURSUANT TO 28 U.S.C. § 1782 FOR
DISCOVERY ASSISTANCE

CASE NO. 17MISC 182

## MEMORANDUM OF LAW IN SUPPORT OF EX-PARTE APPLICATION FOR
## DISCOVERY ASSISTANCE UNDER 28 U.S.C. § 1782



RECEIVED
JUN 01 2017
U.S.D.C. S.D.N.Y.
CASHIERS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................. 3

III.   THE DISCOVERY OMNILIFE SEEKS.................................................................. 6

IV.    SECTION 1782 ENTITLES OMNILIFE TO THE DISCOVERY IT SEEKS................ 8

    A.    Omnilife Meets § 1782's Three Statutory Requirements ..................................... 8

        1.    The Respondent Resides Or Is Found In The District Of This Court........ 9

        2.    The Discovery Sought Is "For Use" In Foreign Proceedings, Including Foreign Criminal Investigations ................................................. 9

        3.    Omnilife Is An "Interested Person" In The Proceedings ........................ 10

    B.    The Four Discretionary Factors This Court Should Consider Weigh In Favor Of Granting Omnilife's Application......................................................... 11

        1.    The Respondent Is Not A Party To The Four Criminal Proceedings And Is Outside The Jurisdiction Of The Jalisco Judges And The Jalisco District Attorneys................................................................... 11

        2.    The Jalisco Judges And The Jalisco District Attorneys Will Receive And Analyze The Evidence Omnilife Obtains Through This Application............................................................................... 12

        3.    The Application Does Not Circumvent Proof-Gathering Restrictions Under The Law Of Jalisco ................................................ 12

        4.    The Requested Discovery Is Neither Unduly Burdensome Nor Intrusive ............................................................................................ 13

V.     CONCLUSION.................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Action and Protection Found.*,
   No. 14-cv-80076 MISC EMC (LB), 2015 WL 1906984 (N.D. Cal. Apr. 27,
   2015) ..............................................................................................................................10

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
   673 F.3d 76 (2d Cir. 2012)...........................................................................................8, 9

*Consorcio Ecuatoriano de Telecomunicaciones S.A. v JAS Forwarding (USA),
   Inc.*,
   747 F.3d 1262 (11th Cir 2014) ..........................................................................................9

*Consorcio Minero S.A. v Doe Run Res. Corp.*,
   No. 4:11-MC-583 CEJ, 2011 WL 4550200 (E.D. Mo. Sept. 30, 2011) ................................11

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995)...........................................................................................12

*Fleischmann v. McDonalds Corp.*,
   466 F. Supp. 2d 1020 (N.D. Ill. 2006) ...............................................................................9

*In re Guerra*,
   No. 14-MC-80083-JST, 2014 WL 1202545 (N.D. Cal. Mar. 19, 2014) ................................12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004)................................................................................................ *passim*

*In re Republic of Ecuador*,
   2:11-mc-00052 GSA, 2011 U.S. Dist. LEXIS 103360 (E.D. Cal. Sept. 12,
   2011) ..............................................................................................................................13

*In re Sarrio S.A.*,
   173 F.R.D. 190 (S.D. Tex. 1995).....................................................................................12

*In re Sveaas*,
   249 F.R.D. 96 (S.D.N.Y. 2008) ........................................................................................9

*In re Veiga*,
   746 F. Supp. 2d 27 (D. D.C. 2010) ...................................................................................9

**Statutes**

28 U.S.C. § 1782 ...................................................................................................... *passim*

28 U.S.C. § 1782(a) .....................................................................................................8, 11

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P 26(b)(1)..............................................................................................................9, 10

Omnilife de Mexico S.A. de C.V. (the "Applicant" or "Omnilife") submits this memorandum of law in support of its application for discovery assistance pursuant to 28 U.S.C. § 1782 (the "Application").

## I.   INTRODUCTION

Omnilife is a company incorporated and with its headquarters located in the State of Jalisco, Mexico, engaged in the business of manufacturing and selling nutritional supplements and dietary products.

In May 2015, Omnilife filed four criminal complaints with the district attorneys in the State of Jalisco, Mexico *(Fiscal General del Estado de Jalisco)* (the "Jalisco District Attorneys"),[1] alleging that Angélica Fuentes Téllez ("Fuentes"), a former director of Omnilife, sold numerous pieces of Omnilife's artwork to herself and third parties at a fraction of their market price, defrauding Omnilife of several million dollars.[2]

After Omnilife filed those four criminal complaints, the Jalisco District Attorneys launched four criminal investigations into Fuentes' sale of Omnilife's artwork.[3]  While those investigations were ongoing, Omnilife learned, and informed the Jalisco District Attorneys, that Fuentes sold pieces of its artwork to a number of galleries located in New York, including Spencer Brownstone Gallery (the "Respondent").  Coello ¶ 22, Ex. F.[4]

---

[1]   *See* affidavit dated May 30, 2017 by Mr. Javier Coello Zuarth ("Coello"), a Mexican lawyer with extensive experience in criminal law matters, who represents Omnilife—as victim and complainant— in Mexico in the criminal proceedings relevant to this Application.  Coello ¶ 2.

[2]   If these allegations prove to be true, and if Fuentes sold the artworks at a fraction of their market value to enrich herself to Omnilife's detriment, Fuentes may have committed a crime known under the Jalisco Criminal Code as "Mismanagement" ("*Administración Fraudulenta*").

[3]   Mexican district attorneys have launched other investigations into Fuentes' other wrongdoings that Omnilife has reported.  Those additional investigations are not at issue here.

[4]   In an unrelated case, Fuentes herself confirmed that she had business dealings involving Omnilife's artwork with one of the galleries identified by Omnilife in its formal filing with the

Two of the four investigations have now led the Jalisco District Attorneys to bring criminal charges against Fuentes with the judges in Jalisco (the "Jalisco Judges").[5]  The other two investigations have not yet resulted in criminal charges but are still ongoing.  (Together, the two investigations and the two investigations that have resulted in criminal charges are the "Four Criminal Proceedings").

Omnilife brings this Application under 28 U.S.C. § 1782 to obtain evidence relevant to the Four Criminal Proceedings from Respondent, a buyer or intermediary for sales to third-party buyers, of some of the artwork at issue in those proceedings.  Omnilife may also use this evidence in the civil actions it is considering filing against Fuentes for the damages stemming from her conduct related to the artwork.  *See* Coello ¶ 9.

To support its Application, Omnilife submits (i) a declaration dated June 1, 2017 from Mr. Camilo Cardozo, a lawyer at Paul Hastings LLP representing Omnilife in this Application; and (ii) an affidavit dated May 30, 2017 by Mr. Coello, a Mexican lawyer with extensive experience in criminal law matters, who represents Omnilife—as victim and complainant—in the Four Criminal Proceedings in Mexico.  In his affidavit, Mr. Coello presents the factual background of the Four Criminal Proceedings, and explains that the Jalisco Judges and Jalisco District Attorneys will be receptive to any evidence Omnilife obtains through this Application.

This Application meets the three statutory threshold requirements that the Supreme Court, in the seminal case *Intel Corp. v. Advanced Micro Devices, Inc.,* directed district courts to consider when deciding applications for discovery under §1782 because:  (1) Respondent is

---

prosecutor.  *See* April 29, 2016 Declaration of Fuentes, Case No. 3:15-cv-00304-KC, Dkt. No. 51-3, in the United States District Court for the Western District of Texas El Paso Division.  *See also* Coello ¶ 22, Ex. F.

[5]    The Jalisco Judges have issued warrants for Fuentes' arrest based on an independent review of the evidence and a subsequent finding of probable cause.  *See* Coello ¶ 9.

found within the District where the application is made; (2) the requested discovery is for use in

proceedings before a foreign tribunal; and (3) the Applicant (Omnilife) is an "interested person"

in those proceedings.  *See* 542 U.S. 241, 246 (2004) (citing 28 U.S.C. § 1782(a)).

The four additional discretionary factors that the *Intel* Court directed district courts to

consider when deciding applications for discovery under §1782 also favor granting this

Application:  (1) the Respondent is not a party to the Four Criminal Proceedings and the

requested evidence is outside the jurisdiction of the Jalisco Judges and the Jalisco District

Attorneys; (2) the Jalisco Judges and the Jalisco District Attorneys will receive and analyze the

evidence obtained through this Application; (3) this Application does not bypass any proof

gathering restrictions under the laws of the State of Jalisco; and (4) the Application is not unduly

burdensome or intrusive.  *See id.* at 264-65.

## II.    FACTUAL BACKGROUND

Between May 14, 2015 and May 20, 2015, Omnilife filed four criminal complaints with

the Jalisco District Attorneys, alleging that Fuentes, a former director of Omnilife, sold various

pieces of artwork owned by Omnilife worth several million dollars to Phillips Auctioneers LLC

and, in some cases to herself, at a fraction of their market value.[6]  *See* Coello ¶¶ 11, 14, 17, 20.

Omnilife's complaints led the Jalisco District Attorneys to launch four criminal

investigations, identified as Criminal Investigations Nos. 3085/2015, 3086/2015, 3087/2015, and

3306/2015.  *See* Coello ¶¶ 12, 15, 18, 21.  Criminal Investigations Nos. 3087/2015 and

3306/2015 remain ongoing.  *See* Coello ¶¶ 19, 23.  Criminal Investigations Nos. 3085/2015 and

3086/2015 have progressed from the investigation stage and are now pending criminal

---

[6] On December 12, 2016, the Honorable Jed S. Rakoff, United States District Judge in the United States
District Court for the Southern District of New York, granted Omnilife's application to obtain discovery
pursuant to 28 U.S.C. Section 1782 from Phillips Auctioneers LLC in connection with the Four Criminal
Proceedings.  Dkt. No. 5, Case No. 16-misc-432.

proceedings before the Jalisco Judges, who have independently reviewed the evidence collected by the Jalisco District Attorneys and found probable cause sufficient to support the issuance of warrants for Fuentes' arrest. *See* Coello ¶¶ 12, 15.

Below is a brief summary of each of the Four Criminal Proceedings.

1. **Criminal Investigation No. 3085/2015.** On May 18, 2015, the Jalisco District Attorneys launched this investigation to determine whether Fuentes sold Respondent 21 pieces of artwork Omnilife owned at a fraction of their market value and at less than 2% of what Omnilife had paid for them. *See* Coello ¶¶ 11-12. Specifically, Omnilife had bought the pieces for Mexican pesos ("MXN") $17,172,098.49 but Fuentes sold them to Respondent for MXN$188,566.95. *See* Coello ¶ 11. This caused Omnilife damages of at least MXN$16,983,531.54 (approximately US$895,014.96). *See id*. Subsequently, the prosecutor in charge of this investigation formally indicted Fuentes in court and a judge is now presiding over the respective criminal proceeding against Fuentes. *See* Coello ¶ 13.

2. **Criminal Investigation No. 3086/2015.** On May 18, 2015, the Jalisco District Attorneys launched this investigation to determine whether Fuentes sold to herself two separate pieces of artwork Omnilife owned at a fraction of their market value and at less than 8% of what Omnilife had paid for them. *See* Coello ¶¶ 14-15. Specifically, Omnilife had bought the pieces for MXN $11,491,367.50 but Fuentes sold them to herself for MXN$905,172.42. *See* Coello ¶ 14. This caused Omnilife damages of at least MXN$10,586,195.08 (approximately US$557,881.79). *See id*. Subsequently, the prosecutor in charge of this investigation formally indicted Fuentes in court and a judge is now presiding over the respective criminal proceeding against Fuentes. *See* Coello ¶ 16.

**3. Criminal Investigation No. 3087/2015.** On May 18, 2015, the Jalisco District Attorneys launched this investigation to determine whether Fuentes sold to herself 19 separate pieces of artwork Omnilife owned at a fraction of their market value and at less than 9% of what Omnilife had paid for them. *See* Coello ¶¶ 17-18. Specifically, Omnilife had bought the pieces for MXN $3,379,611.69 but Fuentes sold them to herself for MXN $286,900. *See* Coello ¶ 17. This caused Omnilife damages of at least MXN $3,092,711.69 (approximately US$162,982.78). *See id*. This investigation is still ongoing. *See* Coello ¶ 19.

**4. Criminal Investigation No. 3306/2015.** On May 22, 2015, the Jalisco District Attorneys launched this investigation to determine whether Fuentes sold to herself one piece of artwork Omnilife owned at a fraction of its market value and at less than 50% of what Omnilife had paid for it. *See* Coello ¶¶ 20-21. Specifically, Omnilife had bought the artwork for MXN$272,259.00 but Fuentes sold it to herself for MXN$129,310.35. *See* Coello ¶ 20. This caused Omnilife damages of at least MXN$142,948.65 (approximately US$7,533.25). *See id*. This investigation is still ongoing. *See* Coello ¶ 23.

In cooperation with the Jaslico District Attorneys' investigations, Omnilife reviewed its own documents and other sources of information, and learned that Fuentes sold its artwork to some buyers located in New York, including Respondent. *See* Coello ¶ 22. Omnilife submitted a formal filing informing the prosecutor of this and asking the prosecutor to investigate Fuentes' dealings with those buyers, including Respondent, as part of its investigation into Fuentes' criminal conduct. *See* Coello ¶ 22, Ex. F. Omnilife also informed the prosecutor that Fuentes had performed some of the transactions at issue through a broker named David Cohen. *See id.* As demonstrated by those facts, it is highly likely that Respondent uniquely possesses information that will assist the ongoing Four Criminal Proceedings detailed above.

The discovery Omnilife seeks from Respondent will also assist Omnilife's efforts to build its civil case against Fuentes.  Under Mexican law, Omnilife is entitled to bring a civil action predicated on Fuentes' criminal conduct at issue in the Four Criminal Proceedings.  *See* Coello ¶ 27 n.12.

## III.    THE DISCOVERY OMNILIFE SEEKS

Omnilife requests that the Respondent produce the narrowly-tailored categories of documents in Respondent's possession and be deposed about the narrowly-tailored list of topics specified in Exhibit 1 to Mr. Cardozo's declaration.  These narrowly-tailored categories of documents are relevant to the issues in the Proceedings, *i.e.,* whether Fuentes sold Omnilife's artwork at a fraction of its market value.

That Omnilife's discovery requests are narrowly-tailored is demonstrated by the limited list of document requests it submits.  These are:

- Documents related to Respondent's purchase of any pieces of artwork belonging to or in the possession of Fuentes or Omnilife.  **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents related to Respondent's auction, sale, or offer for sale to any third party of any pieces of artwork belonging to, in the possession of, or bought from Fuentes or Omnilife.  **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents related to any steps taken by Fuentes or Omnilife, or any agent or intermediary acting on their behalf, to effect the sale to Respondent or to any third party of any pieces of artwork belonging to or in the possession of Fuentes or Omnilife.  **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents related to payment by Respondent, or any third party, for any pieces of artwork belonging to or in the possession of Fuentes or Omnilife. **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents related to any appraisal, valuation or any other assessment or discussion of the value of any pieces of artwork belonging to or bought from

Fuentes or Omnilife.  **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents in Respondent's possession informing third parties that Omnilife or Fuentes were interested in selling artwork, or negotiating with those third parties for the purchase and sale of any pieces of artwork belonging to or in the possession of Omnilife or Fuentes.  **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents related to the shipment or delivery of any pieces of artwork belonging to, in the possession of, or bought from Fuentes or Omnilife. **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

- Documents evidencing communications between Respondent and Fuentes' broker David Cohen regarding the purchase, or contemplated purchase, of any pieces of artwork belonging to or in the possession of Fuentes or Omnilife. **Relevant timeframe:** January 1, 2010 to the date when the production of documents is completed.

Similarly, the Respondent's deposition would be narrowly-tailored and would cover circumstances relevant to the facts at issue in the Four Criminal Proceedings, including, whether and the circumstances under which:

- Respondent negotiated or bought artwork belonging to or in the possession of Fuentes or Omnilife;

- Respondent communicated with Fuentes' broker David Cohen regarding transactions or contemplated transactions performed on behalf of Fuentes;

- Respondent negotiated with, auctioned to, sold to, or offered for sale to, any third party artwork belonging to or in the possession of Fuentes or Omnilife;

- Respondent or any third party conducted due diligence to determine whether Fuentes or Omnilife were authorized to sell or offer any artwork in their possession;

- Respondent or any third party conducted due diligence to determine whether Fuentes or Omnilife were the legitimate owners of the artwork in their possession; and

- Fuentes, Omnilife, Respondent, or any third party asked for quotes or made offers for the artwork belonging to or in the possession of Fuentes or Omnilife.

Omnilife believes that the Respondent has the information sought here because Fuentes and the Respondent bought and/or sold artwork relevant to the Four Criminal Proceedings *(see,* Coello ¶ 27, Ex. F) and because Fuentes herself has confirmed that she had business dealings involving Omnilife's artwork with at least one gallery identified by Omnilife in its formal filing with the prosecutor. [7]

## IV.    SECTION 1782 ENTITLES OMNILIFE TO THE DISCOVERY IT SEEKS

Under 28 U.S.C. § 1782, upon the application of an "interested person," this Court may authorize the collection of evidence from persons located within its jurisdiction "for use in a proceeding in a foreign or international tribunal, including criminal investigations" conducted abroad.  *See* 28 U.S.C. § 1782(a).[8]

"The goals of [§1782] are to provide equitable and efficacious discovery procedures in United States courts for the benefit of tribunals and litigants involved in litigation with international aspects, and to encourag[e] foreign countries by example to provide similar means of assistance to our courts.  In pursuit of these twin goals, the statute has, over the years, been given increasingly broad applicability."  *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (internal citations and quotation marks omitted).

### A.    Omnilife Meets § 1782's Three Statutory Requirements

Under §1782, as noted above, the applicant for discovery must meet three threshold conditions: (1) the person from whom discovery is sought resides or is found in the district of the

---

[7]    See April 29, 2016 Declaration of Fuentes, Case No. 3:15-cv-00304-KC, Dkt. No. 51-3, in the United States District Court for the Western District of Texas El Paso Division.  *See also* Coello ¶ 22, Ex. F.

[8] "The district court of the district [where] a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made … upon the application of any interested person [and unless] prescribe[d] otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).

court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person.  *See Brandi-Dohrn*, 673 F.3d at 80 (listing the three threshold conditions). Omnilife meets those three conditions here.

### 1.    The Respondent Resides Or Is Found In The District Of This Court

This requirement is satisfied because, upon information and belief, the Respondent is located and operates in New York, New York at the address: 170B Suffolk Street, New York, NY 10002.

### 2.    The Discovery Sought Is "For Use" In Foreign Proceedings, Including Foreign Criminal Investigations

It is undisputed that the Four Criminal Proceedings are covered by the express terms of the statute.  *See* §1782 ("for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"); *see also In re Veiga*, 746 F. Supp. 2d 8, 26 (D.D.C. 2010) (granting a §1782 application for evidence relevant to foreign criminal proceedings); *Consorcio Ecuatoriano de Telecomunicaciones S.A. v JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (same) (applicant "seeks the requested discovery for use in contemplated civil and criminal proceedings in Ecuador.  We agree that these contemplated proceedings satisfy Section 1782").

Moreover, the evidence sought here is "for use" in the Proceedings because it is "relevant" to the Proceedings under Fed. R. Civ. P 26(b)(1).  *See, e.g., In re Sveaas*, 249 F.R.D. 96, 106-108 (S.D.N.Y. 2008) (evidence requested was "for use" in foreign proceedings because it was relevant to those proceedings under Fed. R. Civ. P 26(b)(1)); *Fleischmann v. McDonalds Corp.,* 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006) (1782's requirement of "for use in mirrors the requirements in [Fed. R. Civ. P] 26(b)(1)").

9

The evidence Omnilife seeks from Respondent is "for use" in the Proceedings—*i.e.,* it is relevant to the Proceedings under Fed. R. Civ. P 26(b)(1)—because it pertains to Omnilife's allegations that Fuentes sold Omnilife's artwork at a fraction of its market price, which are central to the ongoing Four Criminal Proceedings.

### 3. Omnilife Is An "Interested Person" In The Proceedings

The Supreme Court held in *Intel* that the term "interested person plainly reaches beyond the universe of persons designated litigant." 542 U.S. at 256. In *Intel*, the seminal case defining "interested person," the applicant for assistance under §1782 was a complainant in a foreign investigation who, under the applicable law, had a right to "promp[t] an investigation[,] submit information for [] consideration, and [] procee[d] to court" if the complaint was dismissed or the investigation discontinued. *Id.* The court found that those "participation rights" made the complainant (*i.e.,* the applicant for discovery under §1782) an "interested person" in the foreign investigation. *Id.*

Here, Omnilife is an "interested person" for purposes of this §1782 Application because, as a criminal complainant, Omnilife has significant "participation rights" in the Four Criminal Proceedings. As explained by Mr. Coello, Omnilife has a right to (1) file a complaint, (2) submit additional evidence relevant to the Four Criminal Proceedings (including any evidence obtained through this Application), (3) participate in any criminal proceedings that the Jalisco District Attorneys bring as a result of its investigations, and (4) seek financial compensation for any damages stemming from the crime. *See* Coello ¶¶ 24-27. Following *Intel*, courts have held that parties participating in foreign proceedings, like Omnilife, are "interested persons" for purposes of §1782 applications. *See, e.g., In re Action and Protection Found.*, No. 14-cv-80076 MISC EMC (LB), 2014 WL 2795832, at *1 (N.D. Cal. June 19, 2014) (granting §1782 application)

("the applicants filed complaints, and are interested parties, in civil and criminal proceedings in Budapest, Hungary").

### B.     The Four Discretionary Factors This Court Should Consider Weigh In Favor Of Granting Omnilife's Application

The *Intel* court held that once the three threshold conditions are met, district courts must look at four discretionary factors, namely: (1) whether the person from whom the evidence is sought is a party to the foreign proceeding and within the foreign tribunal's jurisdiction; (2) the nature of the foreign tribunal and its receptivity to United States judicial assistance; (3) whether the request is an attempt to circumvent the foreign proof-gathering restrictions or other policies of the foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  542 U.S. at 264-265.

Here, those four discretionary factors weigh in favor of granting Omnilife's application.

### 1.     The Respondent Is Not A Party To The Four Criminal Proceedings And Is Outside The Jurisdiction Of The Jalisco Judges And The Jalisco District Attorneys

The *Intel* Court found that "the need for § 1782(a) aid generally is [more] apparent . . . when evidence is sought from a nonparticipant in the matter arising abroad" because the evidence may be outside the foreign tribunal's jurisdictional reach.  *See Intel*, 542 U.S. at 264.

This factor weighs in favor of granting Omnilife's Application because the Respondent is not a party to the Four Criminal Proceedings in Mexico and the evidence Omnilife seeks (here in New York) is outside the reach of the jurisdiction of the Jalisco Judges and the Jalisco District Attorneys.  *See* Coello ¶ 29 ("the public prosecutor's office and courts cannot compel testimony or the production of documentary evidence outside Mexico and require the assistance of foreign authorities to obtain the production of … evidence"); *see also Consorcio Minero S.A. v. Doe Run Res. Corp.*, No. 4:11-MC-583 CEJ, 2011 WL 4550200, at *3 (E.D. Mo. Sept. 30, 2011) (granting

§1782 application) ("the Criminal Prosecutor [lacks] authority to compel compliance with the discovery requests … this factor weighs in [the applicant's] favor").

> **2.      The Jalisco Judges And The Jalisco District Attorneys Will Receive And Analyze The Evidence Omnilife Obtains Through This Application**

The second *Intel* factor—which examines whether the foreign authorities (here, the Jalisco Judges and the Jalisco District Attorneys) would be receptive to the evidence or instead would be offended by this Application—also weighs in favor of granting this Application.

The Jalisco Judges and Jalisco District Attorneys will be receptive to any evidence obtained through this Application because, as Mr. Coello explains, the Jalisco Judges and Jalisco District Attorneys *must* receive and analyze any evidence Omnilife submits during the Four Criminal Proceedings.  *See* Coello ¶¶ 24-26.[9]  Furthermore, Mexican courts are open to—and have even sought—the assistance of U.S. District Courts in obtaining evidence relevant to their proceedings through §1782 applications.  *See, e.g., In re Guerra,* No. 14-MC-80083-JST, 2014 WL 1202545, at *2 (N.D. Cal. Mar. 19, 2014) (granting §1782 application based on letter rogatory from Mexican court); Dkt. No. 5, Case No. 16-mc-432, December 12, 2016 Order granted Omnilife's application to obtain discovery pursuant to 28 U.S.C. § 1782 from Phillips Auctioneers LLC.

> **3.      The Application Does Not Circumvent Proof-Gathering Restrictions Under The Law Of Jalisco**

The third *Intel* factor also weighs in favor of granting the Application because the Application does not contradict or circumvent any rules of evidence under the laws of the State of Jalisco.  On the contrary, Mexican law allows Omnilife to seek and submit all evidence

---

[9]      Any argument to the contrary, *i.e.,* that this factor weighs against granting the Application, would require "authoritative proof" that the Mexican district attorneys would be offended if this Court granted assistance under §1782.  *See Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1099-1100 (2d Cir. 1995); *In re Sarrio S.A.,* 173 F.R.D. 190, 197 (S.D. Tex. 1995).

relevant to the Four Criminal Proceedings.  *See* Coello ¶¶ 12-15 ("Omnilife has the right —

granted by the Mexican Constitution — to participate in [the] two criminal investigations and

two criminal proceedings, among others, by submitting additional evidence (such as the evidence

that Omnilife would obtain if the US Court grants its Application under §1782) … [and] the

prosecutor's office conducting those investigations and the judges presiding over those

proceedings are required to receive and examine this evidence ...").

### 4.      The Requested Discovery Is Neither Unduly Burdensome Nor Intrusive

The fourth *Intel* factor also favors granting Omnilife's Application.  The documents that

are the subject of the subpoenas should be readily within the care and control of the Respondent

and can be easily made available.  The proposed deposition would require no more than four

hours and could be conducted locally in New York, New York, at a time and date mutually

convenient for the parties to this Action.

The discovery sought, moreover, will not result in *undue* burden or intrusion because it

targets information relevant to the Proceedings.  *See In re Republic of Ecuador*, 2:11-mc-00052

GSA, 2011 U.S. Dist. LEXIS 103360, at *8 (E.D. Cal. Sept. 12, 2011) (granting §1782

application) ("And given the relevance of the information, it is arguably less likely that issuance

of the subpoena will result in undue intrusion or burden….").

## V.      CONCLUSION

For the reasons set forth above, Omnilife respectfully requests that this Court grant this

Application and permit it to serve Respondent with the subpoenas attached as Exhibit 1 to Mr.

Cardozo's declaration.

Respectfully submitted,

Dated: June 1, 2017                              By: _____

Camilo Cardozo, Esq.
Jenna E. Browning, Esq.
Jose F. Sanchez, Esq.

**PAUL HASTINGS LLP**
200 Park Avenue,
New York, NY 10166
Tel: 212.318.6044

Attorneys for Applicant
Omnilife de Mexico S.A. de C.V.